UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> WANGS ALLIANCE CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 21-cv-10389-AK |

MEMORANDUM AND ORDER

February 15, 2022

A. KELLEY, D.J.

Plaintiff State Farm Fire and Casualty Company ("Plaintiff" or "State Farm") filed this action against Wangs Alliance Corporation ("Defendant" or "Wangs Alliance"), alleging a product manufactured and sold by Defendant caused a fire at a home Plaintiff insures. Defendant answered the Complaint and now seeks to file a third-party complaint against Wellen Construction Co., Inc. ("Wellen"), a construction company that worked on the home where the fire occurred. For the reasons that follow, Defendant's Motion for Leave to File a Third-Party Complaint [ECF No. 17] is DENIED.

**I.     Background**

Plaintiff filed its Complaint against Defendant on March 8, 2021. [ECF No. 1 ("Complaint")]. According to Plaintiff, it issued a policy (the "Policy") insuring a residence (the "Residence") in Southborough, Massachusetts prior to November 15, 2018. [Id. at ¶ 5]. On or about November 15, 2018, a "catastrophic failure of rope lighting" caused a fire at the

1

Residence, resulting in "significant damage" to the property and its contents. [Id. at ¶¶ 6-8]. Plaintiff alleges Defendant designed, manufactured, marketed, sold, and placed the rope lighting into the stream of commerce. [Id. at ¶ 7]. Plaintiff has paid $3,486,028.10 in damages to the owners of the Residence pursuant to the Policy and now seeks to subrogate against Defendant for negligence and breach of warranty. [Id. at ¶¶ 9-15].

Defendant answered the Complaint on April 6, 2021, denying the allegations and asserting several affirmative defenses, including that the damages alleged were committed by a third party or were caused by the superseding and intervening acts of others. [ECF No. 7 ("Answer") at 3]. On November 16, 2021, Defendant filed the Motion for Leave to File a Third-Party Complaint at issue here [ECF No. 17 ("Motion")], attaching its Proposed Third-Party Complaint against Wellen [ECF No. 17-1 ("Proposed Third-Party Complaint")].

Defendant alleges Wellen was the "original contractor" for the Residence, which was built in approximately 2001-2002. [Proposed Third-Party Complaint at ¶¶ 3-5]. Defendant claims that the rope lighting was installed in the Residence in 2002, and a subsequent investigation "determined that the electrical and heat resistance of the coiled up rope lighting" caused the November 2018 fire. [Id. at ¶¶ 5-6, 9]. Defendant alleges the "work performed by Wellen Construction failed to meet the installation requirements of the rope lighting product." [Id. at ¶ 10]. Plaintiff also claims that Wellen received a building permit to perform work on the Residence on or about October 18, 2018, including removing a bedroom wall and adding a sink in a bedroom, and Wellen performed this work less than two weeks before the fire. [Id. at ¶ 8]. Defendant seeks contribution pursuant to Mass. Gen. Laws ch. 231B and common law indemnification from Wellen. [Id. at ¶ 12-16].

Wellen opposes the Motion, arguing that the Motion is futile. [ECF No. 23

("Opposition")]. In particular, Wellen contends that the claims asserted against Wellen are barred by the statute of repose, Mass. Gen. Laws ch. 260, § 2B; that the Proposed Third-Party Complaint fails to allege sufficient facts establishing a causal nexus between Wellen's work and the fire at the Residence; and that the Motion would, or has, caused undue delay and will result in prejudice. [Opposition at 1].

## II.    Analysis

A defendant may file a third-party complaint against "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). The defendant must seek leave of the court to do so if it is more than fourteen days after service of its original answer. Id. Using its "informed discretion," the court "should allow impleader on any colorable claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings." Lehman v. Revolution Portfolio L.L.C., 166 F.3d 389, 393 (1st Cir. 1999). The court need not grant leave to add third-party defendants when doing so "would be futile." Nat'l Gypsum Co. v. Cont'l Brands Corp., 895 F. Supp. 328, 344 (D. Mass. 1995); S. Shore Hellenic Church, Inc. v. Artech Church Interiors, Inc., No. 12-11663-GAO, 2015 WL 846533, at *18 (D. Mass. Feb. 26, 2015) ("Although the standard under Rule 14(a) is liberal, 'the court need not grant leave if the claim is futile.'" (citations omitted)). A motion for leave to file a third-party complaint is futile when the proposed complaint would fail to state a claim upon which relief could be granted, such that it "fails to support a plausible entitlement to relief." Fed. Ins. Co. v. Fire Sprinkler Tech., Inc., No. 20-cv-10403-ADB, 2021 WL 1857403, at *3, *3 n.1 (D. Mass. May 10, 2021) (citing Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007)).

### A. Massachusetts Statute of Repose

Wellen argues that Defendant's claims are barred by Massachusetts's statute of repose,

Mass. Gen. Laws ch. 260, § 2B.[1]  [Opposition at 6-9].  Mass. Gen. Laws ch. 260, § 2B provides in pertinent part that

> [a]ctions of tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property . . . shall be commenced only within three years next after the cause of action accrues; provided, however, that in no event shall such actions be commenced more than six years after the earlier of the dates of: (1) the opening of the improvement to use; or (2) substantial completion of the improvement and the taking of possession for occupancy by the owner.

Mass. Gen. Laws ch. 260, § 2B.  Put simply, this statute "completely eliminates a cause of action against certain persons in the construction industry" after six years have passed.  Brooks v. Specialty Mins., Inc., 850 F. Supp. 2d 334, 338 (D. Mass. 2011) (citing Klein v. Catalano, 437 N.E.2d 514, 516 (Mass. 1982)).  This is true even if the "injury does not occur, or is not discovered, until after the statute's time limit has expired."  Bridgwood v. A.J. Wood Constr., Inc., 105 N.E.3d 224, 228 (Mass. 2018); see Sullivan v. Iantosca, 569 N.E.2d 822, 823 (Mass. 1991) ("Section 2B, in its statute of repose aspect, forbids us from considering the fact that a plaintiff did not discover or reasonably could not have discovered the harm before the six-year period of the statute of repose expired. . . .  [A]n action must be brought within six years of the substantial completion of the house and the owner's taking possession for occupancy.").

Claims of contribution and common law indemnification, which sound in tort, may be barred under the statute of repose.[2]  See Dighton v. Fed. Pac. Elec. Co., 506 N.E.2d 509, 512-13

---

[1] Federal courts sitting in diversity jurisdiction must apply the Massachusetts statute of repose, which is considered substantive rather than procedural.  Nett ex rel. Nett v. Bellucci, 269 F.3d 1, 5 (1st Cir. 2001).

[2] The statute of repose does not require Defendant to otherwise allege particular tortious conduct, such as negligence, here.  See Dighton v. Fed. Pac. Elec. Co., 506 N.E.2d 509, 512 (Mass. 1987) (dismissing third-party plaintiff's argument that the statute of repose does not apply to claims for contribution, as the "right to contribution is derivative of the joint liability in tort of the third-party plaintiff and the third-party defendant" and "[w]ithout liability in tort, there is no right to

(Mass. 1987) (affirming a motion to dismiss contribution claims as barred by Mass. Gen. Laws ch. 260, § 2B); cf. Gomes v. Pan Am. Assocs., 549 N.E.2d 1134, 1135 (Mass. 1990) (finding the statute of repose did not apply to *contractual* indemnification because Mass. Gen. Laws ch. 260, § 2B "expressly provides a limitation only for actions of tort"). Moreover, Defendant does not contest that Wellen is a contractor entitled to the protection of Mass. Gen. Laws ch. 260, § 2B. See Snow v. Harnischfeger Corp., 12 F.3d 1154, 1159 (1st Cir. 1993) ("Certain actors obviously fall within the statute. These actors include architects, engineers and contractors." (citations omitted)). Defendant also does not contest that Wellen's construction of the Residence in 2001-2002, installation of the rope light, or subsequent work on the Residence in 2018 constitute "improvements" pursuant to Mass. Gen. Laws ch. 260, § 2B. See Parent v. Stone & Webster Eng'g Corp., 556 N.E.2d 1009, 1011 (Mass. 1990) (defining "improvement" as "a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs"); see also Kozilowski v. Toll Bros., Inc., 354 F.3d 16, 21 (1st Cir. 2003) (applying the statute of repose where plaintiffs' claims sounded in tort and arose from the design and construction of a home built by the defendant).

There are two dates to address here. The first is the 2001-2002 construction of the Residence. The second is the October-November 2018 renovations to the Residence. The statute of repose, Mass. Gen. Laws ch. 260, § 2B, clearly bars any claim against Wellen related to the initial installation of the rope light. A certificate of occupancy for the Residence issued on

---

contribution"); Fed. Ins. Co. v. Fire Sprinkler Tech., Inc., No. 20-cv-10403-ADB, 2021 WL 1857403, at *7 (D. Mass. May 10, 2021) (citing Hernandez v. City of Bos., 277 F. Supp. 3d 176, 180 (D. Mass. 2017)) (noting that a "*tort-based*, or common-law, right to indemnification is available 'where the person seeking indemnification did not join in the negligent act of another but was exposed to liability because of that negligent act' (emphasis added)).

5

October 27, 2003.  [Proposed Third-Party Complaint at 37].  As such, the six-year bar imposed by the statute of repose began to run as of that date.  Any claims against Wellen related to the 2001-2002 construction of the Residence—including the alleged installation of the rope light—have since extinguished.  See Davis v. Protection One Alarm Monitoring, Inc., No. 03-cv-40195-FDS, 2005 WL 3728711, at *2 (D. Mass. Nov. 2, 2005) (contribution requires "that the potential contributor be directly liable to the plaintiff").  Because the statute of repose bars any tort-based claims related to Wellen's initial installation of the light rope in 2002, Defendant's claims for contribution and common law indemnification would not survive a motion to dismiss, and allowing a third-party complaint based on this act would be futile.

Whether Wellen's October-November 2018 work on the Residence is barred by Mass. Gen. Laws ch. 260, § 2B requires closer examination.  Any tort-based claim related to this construction is not barred by the six-year statute of repose.  However, the statute also states that tort-based actions for damages "shall be commenced only within three years next after the cause of action accrues."  Mass. Gen. Laws ch. 260, § 2B.  A building permit issued to Wellen for the October-November 2018 work on the Residence on October 18, 2018.  [Proposed Third-Party Complaint at 96].  The fire at the Residence occurred on November 15, 2018.  Plaintiff filed this action against Defendant on March 8, 2021.  Defendant filed this Motion on November 16, 2021—less than three years after the commencement of this action but more than three years after the building permit issued and the fire at the Residence.  The Court, however, need not determine which of these dates applies for purposes of Mass. Gen. Laws ch. 260, § 2B.  As explained below, Defendant has failed to allege sufficient facts connecting Wellen's October-

6

November 2018 work on the Residence to the failure of the rope light, and the claim is futile.[3]

### B. Failure to State a Claim Plausible on Its Face

To avoid dismissal, a complaint must set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305 (1st Cir. 2008). These facts, taken together, must be sufficient to "state a claim to relief that is plausible on its face." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Defendant has not alleged that Wellen's October-November 2018 work on the Residence involved—or is even remotely connected to—the rope lighting that caused the fire. Rather, Defendant states only that Wellen received a building permit to perform work on the Residence, including "removing the bedroom wall and adding a sink in the bedroom," less than two weeks before the fire. [Proposed Third-Party Complaint at ¶ 8]. If Defendant seeks to imply that this work caused the fire, it falls short. There are no allegations that the work was completed near the rope light; that electrical work was done; that the rope light at issue was touched; or that Wellen was negligent in its work. In fact, the Proposed Third-Party Complaint alleges explicit facts

---

[3] To the extent Defendant's reference to Wellen's October-November 2018 work on the Residence suggests that this subsequent improvement revives any tort-based claims stemming from the 2001-2002 construction of the Residence and 2002 installation of the rope light, this argument fails. The October-November 2018 work constitutes a separate "improvement to real property" for purposes of Mass. Gen. Laws ch. 260, § 2B. Cf. Sonin v. Mass. Turnpike Auth., 809 N.E.2d 1075, 1079 (Mass. App. Ct. 2004) (explaining that the statute of repose for an original improvement did not begin to run anew after the completion of routine maintenance work); Coca-Cola Bottling Co. of Cape Cod v. Weston & Sampson Eng'rs, Inc., 695 N.E. 2d 688, 693-94, 693 n.9 (Mass. App. Ct. 1998) (noting that the plaintiff "makes no claim that any postopening work by the defendant constituted an 'independent' improvement to real property so that the six-year statute of repose would begin to run anew").

contradicting such an inference.  Defendant specifically alleges that in "2002, rope lighting was installed into the [Residence]" and Wellen "was the original contractor."  [Proposed Third-Party Complaint at ¶¶ 4-5].  Defendant then alleges that the "work performed by Wellen [] failed to meet the *installation requirements* of the rope lighting product."  [Proposed Third-Party Complaint at ¶ 10 (emphasis added)].  If Wellen failed to meet the "installation requirements," and such installation occurred in 2002, as alleged by Defendant, the October-November 2018 work is irrelevant to Defendant's claims.  Defendant proffers no facts suggesting otherwise.  As such, any claims for contribution and common law indemnification based on Wellen's October-November 2018 work on the Residence must be dismissed, and Defendant's Motion is futile.[4]

### III.   Conclusion

For the foregoing reasons, the Court finds Defendant's Proposed Third-Party Complaint [ECF No. 17-1] would be futile because it would not survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and Defendant's Motion for Leave to File a Third-Party Complaint [ECF No. 17] is DENIED.

IT IS SO ORDERED.

Dated: February 15, 2022                                /s/ Angel Kelley
                     Hon. Angel Kelley
                     United States District Judge

---

[4] Because the Court has found Defendant has failed to state a claim and the Motion is therefore futile, it need not address issues of undue delay and prejudice.